**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO.:

RICARDO ANDREU,
CARMEN CELESTRIN and
FRANCISCO MALDONADO on behalf of themselves
and all similarly situated individuals,

      Plaintiff(s),

vs.                                  Case No.

DLY CASE MANAGEMENT SERVICES, LLC,
a Florida Limited Liability Company, DAINELYS CRUZ
individually and MAIKEL LOPEZ, SR., individually

      Defendants
_____/

### COMPLAINT CLASS AND COLLECTIVE ACTION

Plaintiffs, RICARDO ANDREU, CARMEN CELESTRIN and FRANCISCO MALDONADO (hereinafter "Plaintiffs") on their own behalf and on behalf of other similarly situated current and former "Case Managers" employees, by and through undersigned counsel, hereby file the instant action pursuant to the Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq., (hereinafter the "FLSA"); the Florida Minimum Wage Act ("FMWA"), Fla. Stat. §448.110 et seq. in conjunction with Article X, Section 24 of the Florida Constitution. The instant action is filed as both a proposed "opt-in" collective action (as to the FLSA claims, which include both overtime and federal minimum wage claims)2 and as a Federal Rule of Civil Procedure 23 class action specific to Florida-based workers (as to the Florida Minimum Wage Act) against Defendants, DLY CASE MANAGEMENT SERVICES, LLC, a Florida Limited Liability Company, (hereinafter "DLY"), DAINELYS CRUZ, (hereinafter "CRUZ") individually

1

and MAIKEL LOPEZ, SR., individually, (hereinafter "LOPEZ")  collectively referred to as "DEFENDANTS") in support thereof, Plaintiffs state as follows:

## **OVERVIEW**

1. Plaintiffs and all those similarly situated are current or former "case managers" who were employed by Defendants in Miami, Florida.

2. This four-count Complaint is brought on behalf of the Plaintiffs and all others similarly situated who worked for the Defendants and brings causes of action for:

   a. Count I: a proposed "opt-in" national collective action for the recovery of unpaid overtime wages pursuant to 29 U.S.C. § 216(b) of the FLSA, 29 U.S.C. §201 et seq.;

   b. Count II: a proposed "opt-in" national collective action for the recovery of unpaid minimum wages pursuant to 29 U.S.C. § 216(b) of the FLSA, 29 U.S.C. § 201 et seq.;

   c. Count III: a proposed Florida-wide Rule 23 class action to address Defendants' violations of the Florida Minimum Wage Act ("FMWA"), Fla. Stat. §448.110 et seq., in conjunction with Article X, Section 24 of the Florida Constitution,

3. Plaintiffs bring their FLSA overtime and minimum wage claims (Counts I and II) as a proposed 29 U.S.C. § 216(b) "opt-in" collective action and seek to recover unpaid wages, unpaid overtime wages, liquidated damages, declaratory relief and reasonable attorneys' fees and costs on behalf of themselves and all similarly situated employees who eventually opt in to the class and who worked for the Defendants within the three (3) years preceding the filing of this action (the "Collective Action Class").

4. Plaintiffs bring their Florida Minimum Wage Act claims (Count III) as proposed Rule 23 classes on behalf of themselves, and all others similarly situated who worked for the

Defendants within the State of Florida within the five (5) years preceding the filing of this action.

5. Plaintiffs know of numerous other similarly situated individuals who are interested in opting into the collective class being proposed via this action and who are interested in the creation of an FLSA collective action with Court-supervised notice of opt-in rights to all others similarly situated.

6. Additionally, Plaintiffs know of other similarly situated individuals who currently work or have worked for Defendants within the state of Florida and who would wish to seek recovery of damages in any Rule 23 classes created as to the Florida Minimum Wage Act claims at issue, and who, even if no Rule 23 classes were to be approved by the Court, intend to pursue their legal claims under those statutes either individually or as part of a multi-plaintiff litigation.

## JURISDICTION AND VENUE

7. This is an action for damages and other relief for unpaid wages, unpaid overtime wages and for damages for retaliation pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), and the Florida Minimum Wage Act, Art. 10, § 24 of the Florida Constitution, §448.01 *et seq*, Fla. Stat (hereinafter "FMWA").

8. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

9. Venue is proper for the United States District Court for the Southern District of Florida because:

a. Plaintiffs were employed in the Southern District of Florida by Defendants, which at all times material, conducted, and continue to conduct, substantial business in the Southern District of Florida; and

b. Additionally, venue lies pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims asserted in this action occurred within the Southern District of Florida, and because Defendants are subject to personal jurisdiction there.

## CONDITIONS PRECEDENT

10. Plaintiffs have complied with all conditions precedent to bringing this action, or such conditions have been waived. With respect to their FMWA claims Plaintiffs, while believing that the pre-suit notice requirements of Fla. Stat. § 448.110(6) are unconstitutional, nevertheless served, through their undersigned counsel, Defendants with notice of their FMWA class claims on October 13, 2021, and October 15, 2021.

## PARTIES

11. The Plaintiffs and those similarly situated to them are sui juris adult individuals who are current or former employees of Defendants who worked for defendants as "case managers" within the five (5) years preceding the filing of this complaint.

12. Plaintiffs are currently residents of the State of Florida. They have all worked for the Defendants as "case managers" in Miami Dade County, Florida, and elsewhere at points in time during the five (5) years before the date on which this Complaint was filed.

13. Plaintiff, RICARDO ANDREU ("ANDREU") began his employment in April 2017 and remained employed until November 5, 2021. During his employment, ANDREU held the position of case manager. During the last three years of his employment was compensated for

the billable work completed at his billable rate of $23.00 per hour. ANDREU'S written consent to join this action as Plaintiff is filed herewith.

14. Plaintiff CARMEN CELESTRIN ("CELESTRIN") began her employment on May 30, 2018, and remained employed until on or about September 26, 2021. During her employment, CELESTRIN held the position of case manager. During the last three years of her employment was compensated for the billable work completed at her billable rate of $27.00 per hour. CELESTRIN'S written consent to join this action as Plaintiff is filed herewith.

15. Plaintiff FRANCISCO MALDONADO ("MALDONADO") began his employment in July 2019 and remained employed until September 26, 2021. During his employment, MALDONADO held the position of case manager. During the last three years of his employment, he was to be compensated for the billable work completed at his billable rate of $27.00 per hour. MALDONADO'S written consent to join this action as Plaintiff is filed herewith.

16. DLY is a Florida limited liability company organized and existing under and by virtue of the laws of Florida and was registered to do business within Florida.  DLY had, at all times material hereto, conducted substantial and continuous business within Miami-Dade County, and is subject to the laws of the United States and the State of Florida.

17. DLY is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

18. At all times material to this Complaint, DLY employed at least ten or more employees and has had two (2) or more employees who have regularly sold, handled, or otherwise worked on

goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

19. Specifically, Defendant DLY, provides social worker services for communities across the state of Florida.

20. Based upon information and belief, DLY, has had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

21. Defendant LOPEZ is a corporate officer, owner, CEO of and exercised operational control over the activities of, corporate Defendant, DLY.

22. Defendant LOPEZ acted directly in the interest of his company, DLY. Upon all available information, LOPEZ had direct role in management in that he gave instructions to supervisors and controlled the pay employees including Plaintiffs were to receive.

23. Defendant, CRUZ is a manager and administrator of, and exercised operational control over the activities of, corporate Defendant, DLY.

24. Defendant, CRUZ acted directly in the interest of her husband's company, DLY. Upon all available information, CRUZ controlled the manner in which Plaintiffs performed their work and the pay they were to receive.

25. All Defendants were "employers" of Plaintiffs as the term is defined under 29 U.S.C. § 203(d).

## **GENERAL FACTUAL ALLEGATIONS**

26. During the relevant time period to this complaint, DLY contracted with the State of Florida, Agency for Health Care Administration, to provide managed care, for eligible enrollees under the Medicaid program. Under the contract, DLY is required to provide to Medicaid enrollees case management and care coordination services including assisting enrollees in accessing medical, social and educational services.

27. Plaintiffs and the similarly situated individuals were employed by the Defendant as Case Managers delivering and performing case management and care coordination services described herein. As case managers, Plaintiffs and the putative class members' primary job duty was non-exempt work including, among others, conducting assessments of enrollees eligible for care, coordinating the development of individual service plans, advocating for their needs and preferences, identifying community resources for the needed services, and coordinating the delivery of these services, and performing other related duties.

28. Plaintiffs and all other similarly situated case managers were paid based on the billable hours they reported. However, the compensation did not equate to the actual hours worked by the Plaintiffs and other similarly situated in non-billable related duties.

29. Defendants established a bi-weekly pay period, such that the employees were supposed to get paid once a week for the fourteen (14) day period ending the immediately preceding. However, since approximately May 2021, the wages due on the regularly established pay day, began to arrive late and were provided piecemeal, such that the amounts due would be paid late and ultimately not at all.

30. Specifically, Defendants failed to compensate Plaintiffs and other similarly situated employees their wages for the worked performed since on or about June 28, 2021, through their separation of employment.

31. Furthermore, at all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiffs performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in each workweek.

32. . The number of hours for which Plaintiffs and all other similarly situated employees were compensated during their employment, was virtually always an under-reporting of the actual

amount of time Plaintiffs and others similarly situated worked since Plaintiffs and others similarly situated were compensated based upon the billable hours that corresponded with the work performed rather than the actual hours worked.

33. At all relevant times, Defendants were not paying Plaintiffs and all other similarly situated employees for the time they spent attending meetings and or trainings and/or other non-billable related duties.

34. The time Plaintiffs and others similarly situated spent performing non-billable duties does not qualify as "not compensable" time within the meaning of the Portal to Portal Act of 1947 (29 U.S.C. §§251-262), but rather was an integral and required part of their job duties and constitutes FLSA-compensable time.

35. During most of their employment, Defendants paid Plaintiffs and others similarly situated employees their regular hourly rate for all hours billed. The entry of hours supposedly worked each week was not anchored to or based on any actual "time clock" or time-tracking system measuring the true starting and stopping times of work performed.

36. Defendants have been aware, or should have been aware, that Plaintiffs and the putative class members performed non-exempt work that required payment of overtime compensation. Defendants also required Plaintiffs and the similarly situated individuals to work long hours and on weekends, including overtime hours, to complete all of their job responsibilities and meet Defendants' productivity standards.

37. Defendants knew that Plaintiffs and other putative class members were working overtime hours because they required Plaintiff and putative class members to work overtime hours and/or were present during those hours.

38. Although they had a legal obligation to do so, Defendants did not make, keep, or preserve adequate or accurate records of the hours worked by Plaintiffs and the putative class members.

39. To the extent they do exist, the majority of the relevant pay and time records at issue remain exclusively in the possession, custody, and control of the Defendants. Thus, Plaintiffs are unable to determine and state the exact amount of damages due at this time.

40. Defendants have violated Title 29 U.S.C. §207 from December 2018 and continuing to date, in that:

   a. Plaintiffs worked in excess of forty (40) hours per week for the period of employment with Defendants.

   b. No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiffs at the statutory rate of one and one-half times Plaintiffs' regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

   c. Defendant has failed to maintain proper time records as mandated by the FLSA.

## COLLECTIVE ACTION REPRESENTATION ALLEGATIONS
### (as to Count I-III)

41. Plaintiffs bring this action on their own behalf and on behalf of a class defined herein, pursuant to, and properly maintainable under Fed. R. Civ. P. 23(a) and (b).

42. The proposed Rule 23 class is defined as follows:

   Florida Minimum Wage Act Class: (Count I): All current and former case manager employees who worked for the Defendants within the State of Florida within the five (5) years preceding the filing of the instant Complaint (relevant class time period).

43. Excluded from both proposed classes are all judges who have presided over this case, their spouses, and anyone within three degrees of consanguinity from such judge and/or his or her spouse.

### **Commonality**

44. The Plaintiffs' claims raise questions of law and fact that are common to all members of the proposed classes. The common legal issues are whether the Defendants violated the FMWA during the Relevant Period.

### **Typicality**

45. The Plaintiffs' claims are typical of the claims of other members of the classes and they have no interests that are adverse or antagonistic to the interests of other members of the proposed classes. Plaintiffs' claims are typical of the claims of the members of the classes because all such claims arise from an act or a series of identical repeated acts taken by the Defendants.

### **Adequacy**

46. Plaintiffs and their undersigned counsel will fairly and adequately protect and represent the interest of each member of the class. Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel experienced in employment law matters.

### **Predominance**

47. This action is properly maintained as a class action in that questions of law and fact common to Plaintiffs' claims and the members of the classes predominate over questions of law or fact affecting only individual members of the classes, such that a class action is superior to other available methods for the fair and efficient adjudication of the issues raised in Count III of this action. The issues relating to Plaintiffs' claims do not vary from the issues relating to the claims

of the other members of the classes, such that a class action provides a superior and far more efficient method to resolve those claims than through a myriad of separate lawsuits.

48. Additionally, certification of the two proposed classes under Rule 23 is supported by the fact that undersigned counsel is not aware of any other earlier litigation against Defendants to which any other member of the class is a party and which any question of law or fact controverted in the subject action is to be adjudicated.

## COLLECTIVE ACTION REPRESENTATION ALLEGATIONS
### (as to Counts IV-IX)

49. Plaintiffs and those similarly situated to them are all "nonexempt" case managers who were employed by Defendants at various times during the three (3) years preceding the filing of this action and performed substantially the same or similar job duties as one another regardless of the location or job site at which they worked.

50. Plaintiffs and those similarly situated were subjected to the same pay practices and policies detailed herein, specifically that they were routinely and regularly not compensated for all hours worked, a practice which resulted in them not receiving proper FLSA-mandated overtime and minimum wages. The potential class members are owed overtime wages for the same reasons as Plaintiffs.

51. Plaintiffs and those similarly situated are/were employees of Defendants' who were employed during workweeks worked during the three (3) years preceding the filing of this action and were compensated based on the billable hours reported.

52. Defendants' failure to properly keep time records for and compensate employees for hours worked in excess of forty (40) hours in a workweek as required by the FLSA resulted from deliberate and willful policies and/or practices that Defendants' knew violated the FLSA.

11

53. These policies and/or practices were applied to Plaintiffs as well as the proposed class members. Application of these policies and/or practices did not depend on the personal circumstances of Plaintiffs or others similarly situated nor on the location at which they worked for Defendants. Rather, the same policies and/or practices which resulted in the non-payment or under-payment of overtime wages to Plaintiffs applied to all class members.

54. Accordingly, the members of the minimum wage collective are properly defined as:

    a.  All hourly-paid based on billable hours employees who have worked for Defendants at any time within the three (3) years preceding December 27, 2021, up to the present.

    b.  The members of the overtime collective are properly defined as:

        i.  All billable hour-paid case manager who have worked for Defendants at any time within the three (3) years preceding December 27, 2021, up to the present, who worked in excess of 40 hours in a workweek in one or more workweeks.

55. Defendants knowingly, willfully, or with reckless disregard carried out an illegal pattern or practice of failing to pay straight and overtime compensation with respect to Plaintiffs and the proposed class members.

56. Defendants did not act in good faith or reliance upon any of the following in formulating their pay practices with respect to Plaintiffs and those similarly situated: (a) case law, (b) the FLSA, 29 U.S.C. § 201, et seq., (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

57. During the relevant period, Defendants violated §7(a)(1) and §15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce

within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of 40 hours in a work week.

58.  Defendants have acted willfully in failing to pay Plaintiffs and the potential class members in accordance with the law.

59. At all times relevant, Defendants failed to maintain accurate records of the actual start time, stop time, total hours worked each day, and total number of hours worked each week by Plaintiffs and the other similarly situated employees for each and every workweek within the three (3) year statute of limitations period.

60. Plaintiffs know of individuals similarly situated to Plaintiffs who would wish to opt in to a collective action were such an collective action certified by this Court.

61. Plaintiffs have retained the undersigned legal counsel to prosecute this action on their behalf and on behalf of all other similarly situated employees and have agreed to pay undersigned counsel a reasonable fee for counsel's work and representation.

62. Undersigned counsel will be entitled to recover reasonable attorneys' fees and costs if either Plaintiffs and/or any other similarly situated employees prevail in this action.

## COUNT I
### VIOLATIONS OF THE FLORIDA CONSTITUTION, ART. X, § 24; FLORIDA MINIMUM WAGE ACT-MANDATED MINIMUM WAGES against DLY
*(Rule 23 class action as to Plaintiffs and others similarly situated who worked within the state of Florida within the past five (5) years)*

63.  Plaintiffs reincorporate, re-aver and re-adopt all Paragraphs 1-48 of this Complaint as if fully set forth herein.

64. Plaintiffs and those similarly situated employees are/were entitled to be paid, pursuant to the FMWA, statutorily-required minimum wages for each workweek that they worked for Defendants.

65. Additionally, Florida's minimum wage guarantee is more generous in its provision than the FLSA. In addition to providing for a higher minimum wage than the FLSA, it is governed by a general four-year statute of limitations with a five-year limitation period for willful violations, both of which exceed the FLSA's limitations periods. It is well established that the FLSA never preempts state wage law provisions that happen to be more generous than the FLSA demands, as a state legislature has the power to provide its citizens with wage protections which exceed the "floor" established by federal statutes such as the FLSA.

66. Due to intentional, willful, and unlawful acts of Defendants, Plaintiffs and others similarly situated have suffered damages in lost compensation for the time they worked for Defendants but were not paid the FMWA-required minimum wage in one or more workweeks.

67. Defendants' failure to pay Plaintiff and others similarly situated is a violation of Fla. Stat. §448.110 et seq. in conjunction with Article X, Section 24 of the Florida Constitution.

68. Defendants knew or should have known that their failure to pay Plaintiffs at least minimum wage was in violation of the FMWA.

69. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiffs and those similarly situated employees complete FMWA-mandated minimum wages, Plaintiffs and those similarly situated employees have suffered damages, including unpaid minimum wages, liquidated damages, interest, reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs, on behalf of themselves and those similarly situated, respectfully request that judgment be entered in their favor awarding the following relief:

14

A. Certification of this Count as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiffs and their undersigned counsel to represent the Class;

B. Entry of a judgment against Defendant DLY:

    a. Declaring that Defendants have violated the minimum wage provisions of the FMWA;

    b. As to Plaintiffs and others similarly situated:

        i. Awarding minimum wage compensation in amounts to be calculated;

        ii. Awarding liquidated damages in an equal amount to the wages awarded

        iii. Declaring that the statute of limitations should be five (5) or more years and/or that the statute of limitation be tolled as appropriate;

        iv. Awarding reasonable attorneys' and paralegal fees and costs and expenses of this litigation pursuant to the FMWA;

        v. Awarding post-judgment interest, and;

        vi. Ordering any other and further relief this Court deems to be just and proper.

## <u>COUNT II</u>
### VIOLATIONS OF THE FLORIDA CONSTITUTION, ART. X, § 24; FLORIDA MINIMUM WAGE ACT-MANDATED MINIMUM WAGES against LOPEZ
### *(Rule 23 class action as to Plaintiffs and others similarly situated who worked within the state of Florida within the past five (5) years)*

70. Plaintiffs realleges and re-affirms each and every factual allegation as stated in paragraphs 1 through 48 of this complaint as if set out in full herein.

71. Plaintiff brings this action under Florida Statutes § 448.01 *et seq.* and/or common law for unpaid wages.

72. LOPEZ failed to pay Plaintiffs and all similarly situated employees  at a rate equal to the

Florida Minimum Wage for the hours worked since on or about June 28, 2021 by Plaintiffs and similarly situated employees as stated above.

73. As a direct result of LOPEZ's failure to pay Plaintiffs and similarly situated employees, they have been damaged by not receiving wages due in a timely manner.

74. LOPEZ knew or should have known that the failure to pay Plaintiffs at least minimum wage was in violation of the FMWA.

75. As a result of LOPEZ' intentional, willful and unlawful acts in refusing to pay Plaintiffs and those similarly situated employees complete FMWA-mandated minimum wages, Plaintiffs and those similarly situated employees have suffered damages, including unpaid minimum wages, liquidated damages, interest, reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs, on behalf of themselves and those similarly situated, respectfully request that judgment be entered in their favor awarding the following relief:

A. Certification of this Count as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiffs and their undersigned counsel to represent the Class;

B. Entry of a judgment against Defendant LOPEZ:

    a. Declaring that LOPEZ has violated the minimum wage provisions of the FMWA;

    b. As to Plaintiffs and others similarly situated:

        i. Awarding minimum wage compensation in amounts to be calculated;

        ii. Awarding liquidated damages in an equal amount to the wages awarded

        iii. Declaring that the statute of limitations should be five (5) or more years and/or that the statute of limitation be tolled as appropriate;

    iv.  Awarding reasonable attorneys' and paralegal fees and costs and expenses of this litigation pursuant to the FMWA;

    v.  Awarding post-judgment interest, and;

    vi.  Ordering any other and further relief this Court deems to be just and proper.

## <u>COUNT III</u>
### VIOLATIONS OF THE FLORIDA CONSTITUTION, ART. X, § 24; FLORIDA MINIMUM WAGE ACT-MANDATED MINIMUM WAGES against CRUZ
*(Rule 23 class action as to Plaintiffs and others similarly situated who worked within the state of Florida within the past five (5) years)*

76. Plaintiffs realleges and re-affirms each and every factual allegation as stated in paragraphs 1 through 48 of this complaint as if set out in full herein.

77. Plaintiff brings this action under Florida Statutes § 448.01 *et seq.* and/or common law for unpaid wages.

78. CRUZ failed to pay Plaintiffs and all similarly situated employees  at a rate equal to the Florida Minimum Wage for the hours worked after June 27, 2021, by Plaintiffs and similarly situated employees as stated above.

79. As a direct result of CRUZ's failure to pay Plaintiffs and similarly situated employees, they have been damaged by not receiving wages due in a timely manner.

80. CRUZ  knew or should have known that the failure to pay Plaintiffs at least minimum wage was in violation of the FMWA.

81. As a result of CRUZ' intentional, willful and unlawful acts in refusing to pay Plaintiffs and those similarly situated employees complete FMWA-mandated minimum wages, Plaintiffs and those similarly situated employees have suffered damages, including unpaid minimum wages, liquidated damages, interest, reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs, on behalf of themselves and those similarly situated, respectfully request that judgment be entered in their favor awarding the following relief:

A.  Certification of this Count as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiffs and their undersigned counsel to represent the Class;

B.  Entry of a judgment against Defendant CRUZ:

a.  Declaring that CRUZ has violated the minimum wage provisions of the FMWA;

b.  As to Plaintiffs and others similarly situated:

i.  Awarding minimum wage compensation in amounts to be calculated;

ii.  Awarding liquidated damages in an equal amount to the wages awarded

iii.  Declaring that the statute of limitations should be five (5) or more years and/or that the statute of limitation be tolled as appropriate;

iv.  Awarding reasonable attorneys' and paralegal fees and costs and expenses of this litigation pursuant to the FMWA;

v.  Awarding post-judgment interest, and;

vi.  Ordering any other and further relief this Court deems to be just and proper.

## COUNT IV
### VIOLATIONS OF 29 U.S.C. §§ 206, 216(b) AGAINST DLY
### (MINIMUM WAGES)

82. Plaintiffs reincorporate, re-aver and re-adopt all Paragraphs 1-40 and 49-62 of this Complaint as if fully set forth herein.

83. At all times during their employment, Plaintiffs and similarly situated employees were employees required to be paid a minimum hourly wage for every hour worked and entitled to receive those minimum hourly wages not later than the regularly established pay day.

18

84. Due to intentional, willful, and unlawful acts of DLY, Plaintiffs and others similarly situated have suffered damages in lost compensation for the time they worked for Defendants but were not paid the applicable minimum wages.

85. Since on or about July 30, 2021, DLY violated the provisions of the FLSA, 29 U.S.C. § 206 and § 215(a)(2) by failing to timely pay the Plaintiffs at least a minimum hourly wage on the regularly scheduled pay date when wages were due, and often paying them less than the highest applicable minimum hourly wage during applicable pay periods.

86. DLY' failure to pay Plaintiffs and others similarly situated at least the applicable minimum wage for all workweeks is a violation of 29 U.S.C. §206.

87. DLY did not have a good faith basis for their failure to pay Plaintiffs and those similarly situated employees the applicable minimum wage, and in fact knew their failure to do so was in violation of the FLSA.

88. DLY knew or showed a reckless disregard for the provisions of the FLSA concerning the timely payment of hourly wages and the payment of minimum wages for all hours worked in respective pay periods, and accordingly remains owing the named Plaintiffs, liquidated damages, based upon the tardy payment of wages, and unpaid minimum wages for the failure to pay even the required minimum hourly wage for every hour worked during each respective pay period during the three year period preceding this lawsuit.

89. The Plaintiffs incurred expenses and endured considerable hardships and damages as a result of being deprived of the timely payment of their wages and the failure to pay even a minimum hourly wage when due.

90. By reason of the said intentional, willful and unlawful acts of DLY, Plaintiffs have suffered damages plus incurring costs and reasonable attorneys' fees.

91. Plaintiffs seek to recover for unpaid wages accumulated from the date of hire.

92. As a result of DLY' intentional, willful and unlawful acts in refusing to pay Plaintiffs and those similarly situated employees complete minimum wages due, Plaintiffs and those similarly situated employees have suffered damages, including unpaid minimum wages, liquidated damages, interest, reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs, on behalf of themselves and those similarly situated, move this Honorable Court for an order conditionally certifying this case as a collective action and permitting notice to issue pursuant to 29 U.S.C. § 216(b); and seek an eventual entry of a judgment against DLY:

A. Declaring that DLY has violated the minimum wage provisions of the FLSA;

B. As to Plaintiffs and others similarly situated:

  i. Awarding minimum wage compensation in amounts to be calculated;

  ii. Awarding liquidated damages in an equal amount to the wages awarded;

  iii. Declaring that the statute of limitations should be extended to three (3) or more years and/or that the statute of limitation be tolled as appropriate

  iv. Awarding reasonable attorneys' and paralegal fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

  v. Awarding post-judgment interest; and

  vi. Ordering any other and further relief this Court deems to be just and proper.

**COUNT V**
**VIOLATIONS OF 29 U.S.C. §§ 206, 216(b) AGAINST LOPEZ**
**(MINIMUM WAGES)**

93. Plaintiffs reincorporate, re-aver and re-adopt all Paragraphs 1-40 and 49-62 of this Complaint as if fully set forth herein

94. At the times mentioned, Defendant LOPEZ was, and is now, a corporate officer of DLY.

95. LOPEZ was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that LOPEZ acted directly in the interests of the DLY in relation to its employees including Plaintiffs.

96. Specifically, LOPEZ determined company payroll decisions, controlled the issuance of pay, and maintained the right to hire and fire all employees during all pertinent times hereto.

97. LOPEZ was at all relevant times, the owner of DLY and maintained operational control of the businesses and is thus jointly liable for Plaintiffs' damages.

98. Defendant LOPEZ willfully and intentionally refused to properly pay Plaintiffs at least minimum wages for each hour worked as required by the law of the United States as set forth above and remains owing Plaintiffs and similarly situated employees these wages as set forth above.

WHEREFORE, Plaintiffs, on behalf of themselves and those similarly situated, move this Honorable Court for an order conditionally certifying this case as a collective action and permitting notice to issue pursuant to 29 U.S.C. § 216(b); and seek an eventual entry of a judgment against LOPEZ:

A.  Declaring that LOPEZ has violated the minimum wage provisions of the FLSA;

B.  As to Plaintiffs and others similarly situated:

   i.    Awarding minimum wage compensation in amounts to be calculated;

21

    ii.     Awarding liquidated damages in an equal amount to the wages awarded;

    iii.     Declaring that the statute of limitations should be extended to three (3) or more years and/or that the statute of limitation be tolled as appropriate

    iv.     Awarding reasonable attorneys' and paralegal fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    v.     Awarding post-judgment interest; and

    vi.     Ordering any other and further relief this Court deems to be just and proper.

**COUNT VI**
**VIOLATIONS OF 29 U.S.C. §§ 206, 216(b) AGAINST LOPEZ**
**(MINIMUM WAGES)**

99. Plaintiffs reincorporate, re-aver and re-adopt all Paragraphs 1-40 and 49-62 of this Complaint as if fully set forth herein

100. At the times mentioned, Defendant CRUZ was, and is now, a corporate officer of DLY.

101. CRUZ was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that CRUZ acted directly in the interests of DLY and her husband LOPEZ in relation to their employees including Plaintiffs.

102. Specifically, CRUZ determined company payroll decisions, gave instructions and directions to the supervisors and case managers including Plaintiffs, and maintained the right to hire and fire all employees during all pertinent times hereto.

103. CRUZ was at all relevant times, the owner of DLY and maintained operational control of the businesses and is thus jointly liable for Plaintiffs' damages.

104. Defendant CRUZ willfully and intentionally refused to properly pay Plaintiffs at least minimum wages for each hour worked as required by the law of the United States as set forth above and remains owing Plaintiffs and similarly situated employees these wages as set forth

above.

WHEREFORE, Plaintiffs, on behalf of themselves and those similarly situated, move this Honorable Court for an order conditionally certifying this case as a collective action and permitting notice to issue pursuant to 29 U.S.C. § 216(b); and seek an eventual entry of a judgment against CRUZ:

A.  Declaring that CRUZ has violated the minimum wage provisions of the FLSA;

B.  As to Plaintiffs and others similarly situated:

    i.    Awarding minimum wage compensation in amounts to be calculated;

    ii.    Awarding liquidated damages in an equal amount to the wages awarded;

    iii.    Declaring that the statute of limitations should be extended to three (3) or more years and/or that the statute of limitation be tolled as appropriate

    iv.    Awarding reasonable attorneys' and paralegal fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    v.    Awarding post-judgment interest; and

    vi.    Ordering any other and further relief this Court deems to be just and proper.

## COUNT VII
### VIOLATIONS OF 29 U.S.C. §§ 207, 216(b) AGAINST DLY
### (OVERTIME COMPENSATION)

105.    Plaintiffs reincorporate, re-aver and re-adopt all Paragraphs 1-40 and 49-62 of this Complaint as if fully set forth herein

106.    Plaintiffs and those similarly situated employees are/were entitled to be paid, pursuant to the FLSA, at the rate of time and one-half of their effective hourly rate for the hours that they worked in excess of forty (40) hours in any workweek.

107.    Additionally, they are/were entitled to be paid their regular hourly rate for all straight time

hours they worked for Defendants, in all weeks in which they worked over forty (40) hours in a workweek.

108. Due to intentional, willful, and unlawful acts of Defendants, Plaintiffs and others similarly situated have suffered damages in lost compensation for the time they worked over forty (40) hours per week without receiving overtime compensation.

109. During their employment with Defendants, Plaintiffs and those similarly situated employees were not paid all overtime compensation due under the FLSA.

110. Plaintiffs were not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that they were neither a bona fide executive, administrative, or professional employees.

111. Defendants did not have a good faith basis for their failure to pay Plaintiffs and those similarly situated employees proper overtime pay for all hours worked, and in fact knew their failure to do so was in violation of the FLSA.

112. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiffs and those similarly situated employees all overtime compensation due, Plaintiffs and those similarly situated employees have suffered damages, including unpaid straight time, unpaid overtime wages, liquidated damages, interest, reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs, on behalf of themselves and those similarly situated, move this Honorable Court for an order conditionally certifying this case as a collective action and permitting notice to issue pursuant to 29 U.S.C. § 216(b); and seek an eventual entry of a judgment against DLY:

A. Declaring that DLY has violated the overtime wage provisions of the FLSA;

B. As to Plaintiffs and others similarly situated:

24

    i.    Awarding overtime compensation in amounts to be calculated;

    ii.    Awarding liquidated damages in an equal amount to the overtime wages awarded;

    iii.    Declaring that the statute of limitations should be extended to three (3) or more years and/or that the statute of limitation be tolled as appropriate;

    iv.    Awarding reasonable attorneys' and paralegal fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    v.    Awarding post-judgment interest; and

    vi.    Ordering any other and further relief this Court deems to be just and proper.

**COUNT VIII**
**VIOLATIONS OF 29 U.S.C. §§ 207, 216(b) AGAINST LOPEZ**
**(OVERTIME COMPENSATION)**

113. Plaintiffs reincorporate, re-aver and re-adopt all Paragraphs 1-40 and 49-62 of this Complaint as if fully set forth herein

114. At the times mentioned, Defendant LOPEZ was, and is now, a corporate officer and owner of DLY.

115. LOPEZ was an employer of Plaintiffs and other similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that LOPEZ acted directly in the interests of the DLY in relation to its employees including Plaintiffs.

116. Specifically, LOPEZ determined company payroll decisions, and maintained the right to hire and fire Plaintiffs and other similarly situated during all pertinent times hereto.

117. Defendant LOPEZ willfully and intentionally refused to properly pay Plaintiffs and other

25

similarly situated employees overtime wages as required by the law of the United States as set forth above.

WHEREFORE, Plaintiffs, on behalf of themselves and those similarly situated, move this Honorable Court for an order conditionally certifying this case as a collective action and permitting notice to issue pursuant to 29 U.S.C. § 216(b); and seek an eventual entry of a judgment against LOPEZ:

  A.  Declaring that LOPEZ  has violated the overtime wage provisions of the FLSA;

  B.  As to Plaintiffs and others similarly situated:

      i.  Awarding overtime compensation in amounts to be calculated;

     ii.  Awarding liquidated damages in an equal amount to the overtime wages awarded;

   iii.  Declaring that the statute of limitations should be extended to three (3) or more years and/or that the statute of limitation be tolled as appropriate;

   iv.  Awarding reasonable attorneys' and paralegal fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    v.  Awarding post-judgment interest; and

   vi.  Ordering any other and further relief this Court deems to be just and proper.

### COUNT IX
### VIOLATIONS OF 29 U.S.C. §§ 207, 216(b) AGAINST CRUZ
### (OVERTIME COMPENSATION)

118. Plaintiffs reincorporate, re-aver and re-adopt all Paragraphs 1-40 and 49-62 of this Complaint as if fully set forth herein

119. At the times mentioned, Defendant CRUZ was, and is now, a corporate officer and owner of DLY.

120. CRUZ was an employer of Plaintiffs and other similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that CRUZ  acted directly in the interests of the DLY in relation to its employees including Plaintiffs.

121. Specifically, CRUZ determined company payroll decisions, gave instructions and directions to the supervisors and case managers including Plaintiffs, and maintained the right to hire and fire all employees during all pertinent times hereto.

122. Defendant CRUZ willfully and intentionally refused to properly pay Plaintiffs and other similarly situated employees overtime wages as required by the law of the United States as set forth above.

WHEREFORE, Plaintiffs, on behalf of themselves and those similarly situated, move this Honorable Court for an order conditionally certifying this case as a collective action and permitting notice to issue pursuant to 29 U.S.C. § 216(b); and seek an eventual entry of a judgment against CRUZ:

A.  Declaring that CRUZ has violated the overtime wage provisions of the FLSA;

B.   As to Plaintiffs and others similarly situated:

    i.     Awarding overtime compensation in amounts to be calculated;

    ii.    Awarding liquidated damages in an equal amount to the overtime wages awarded;

    iii.   Declaring that the statute of limitations should be extended to three (3) or more years and/or that the statute of limitation be tolled as appropriate;

    iv.   Awarding reasonable attorneys' and paralegal fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    v.    Awarding post-judgment interest; and

    vi.   Ordering any other and further relief this Court deems to be just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiffs,  on behalf of themselves and others similarly situated and on behalf of

prospective class and collective action members, demand a trial by jury on all issues so triable.


Dated: December 28, 2021

**PEREGONZA THE ATTORNEYS, PLLC**
1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/ Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com

By: /s/ Juan J. Perez
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com